<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KATHARINE LAI,

          Plaintiff,

  v.                                                    Civil Action No. 06-1337  (KSH)

HIGHLAND PARK BOROUGH,                                <u>OPINION</u>
DIANE REH

          Defendants.

<u>KATHARINE S. HAYDEN, U.S.D.J.</u>

### I.  Introduction

On March 21, 2006, the plaintiff filed the instant complaint in this Court *pro se*.  The defendants have filed a motion for judgment on the pleadings pursuant to Fed R. Civ P. 12 (c). The record on this motion consists of the complaint and the answer.

### II.  Background

The plaintiff, Katharine Lai ("Lai") is a the owner of a building located at 308 Raritan Avenue in Highland Park, NJ.  (Compl. at 1.)  The defendants are the Borough of Highland Park ("Borough") and the Borough's Housing and Fire Inspector, Diane Reh ("Reh").  Lai asserts that the defendants violated her civil rights by discriminating against her on the basis of her gender, national origin, and disability.[1]

---

[1] Lai is Chinese and she was born with cerebral palsy.

Lai claims that on April 11, 2005 she received a notice from the Borough that it would be distributing free garbage containers to all downtown businesses and residences. (Compl.) She sent her contractor David Zhang ("Zhang") to pick up the garbage containers for her property. (Id.) An employee of the Borough told Zhang that the garbage containers would be delivered when they arrived and he relayed this information to Lai. (Id.) She later discovered that other businesses had received their garbage containers before she received hers. (Id.) She called the Borough's Department of Public Work's on multiple occasions to inquire about the status of her garbage containers, which she finally received on August 19, 2005. (Id. at 2.)

On June 8, 2004, Reh issued Lai a fire code violation notice for a water leak on her property that had damaged some ceiling tiles. (Compl. at 2) Lai attempted to rectify the violation by returning the notice to Reh's office with a notation on it that the problem had been fixed. (Id.) Reh continued to send her field correction notices for the violation. (Id.) Reh then issued a summons charging Lai with failure to make necessary corrections in violation of the Borough's property maintenance code. (Id.) On August 16, 2005, the municipal court judge held a hearing regarding the summons. He ordered Lai to replace the damaged ceiling tiles, fined her $200 and ordered her to pay $33 in court costs. (Id. at 4).

Lai claims that these two incidents show that the defendants discriminated against her on the basis of her gender, national origin and disability.

### III. Standard

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed but within such time as not to delay the trial any party may move for judgment on the pleadings." Generally a motion brought under Rule 12(c) is governed by the same standard as a Rule 12(b)(6) motion. See Children's Seashore House v. Waldman, 197 F.3d 654, 657 (3d Cir. 1999).

Under Rule 12(b)(6) a motion to dismiss "may only be granted if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." Maio v. Aetna, Inc., 221 F.3d 472, 481-481 (3rd Cir. 2000). However, the Court "need not accept as true unsupported conclusions and unwarranted inferences." Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 184 (3d Cir. 2000)(citations omitted).

### IV.  Discussion

Lai states that her suit is based on the denial of her civil rights. (Compl.) Although plaintiff does not specify the statute(s) involved, the Court will construe the complaint as filed pursuant to 42 U.S.C. § 1983. To recover on a civil rights claim under § 1983, the plaintiff must show that the defendants deprived her of a federally secured right and that the defendants were acting under color of law. Sample v. Diecks,  885 F.2d 1099, 1107 (3d Cir. 1989).

Lai claims that the Borough treated her unfairly due to the fact that she was Chinese and a woman. She also claims that "Ms. Reh intentionally repeatedly targeted me and my property based on my race, sex, and disabilities . . ." She stated in her complaint "I realized that Highland Park is a Jewish Town, from Mayor, Judge, Prosecutor, Borough officers, to residents are all Jewish that's why they discriminated [against] me as a Chinese, disabled, woman property owner in their town." (Compl. at 4.)

Lai has failed to state a valid cause of action under Section 1983 because she has not sufficiently alleged the violation of a federally protected right. The allegations in the complaint are bare, unsupported conclusions based upon the ethnicity of town officials. The Court need not accept them as true. Standing alone as it is,  Lai's subjective perception of being discriminated

against is insufficient to state a claim under Section 1983.  See Bickerstaff v. Vassar College, 196 F.3d 435, 456 (2d. Cir. 1999)("feelings and perceptions of being discriminated against are not evidence of discrimination.")

## V. Conclusion

The defendants' motion for judgment on the pleadings is **granted.**  An appropriate order will be entered.

/s/ Katharine S. Hayden
KATHARINE S. HAYDEN
United States District Judge